Theodore Smith as Administrator, etc., Respondent, *v.* German-American Insurance Company, Appellant.

*Supreme Court, Third Department, General Term, December* 11, 1889.

*Insurance. Building permit.*—Where an insurance policy permits the owner to go on and complete the insured building, and specifically fixes the time for such completion, work done thereon for this purpose after such time, though by the owner personally, comes directly and clearly within the prohibition of the policy.

Appeal from judgment in favor of plaintiff entered upon verdict directed by the court, and from order denying motion for a new trial.

*Hobart Krum,* for appellant.

*Don S. Mayham,* for respondent.

LEARNED, P. J.—This is an action on an insurance policy, issued by defendant to one Anthony, the plaintiff's intestate, upon a certain dwelling-house, unfinished at the time of issuing the policy.

The court directed a verdict for the plaintiff, and the defendant appeals.

In the description of the property the policy contains these words: "to be occupied as a residence when completed." And also the further provision: "In consideration of three dollars and sixty cents, extra premium paid, permission is hereby granted to mechanics to work in and around the building for ninety days from date." The date was June 27, 1881. The policy contained the usual clause that the working of carpenters and other mechanics in building, altering, or repairing would vitiate, unless permission were endorsed in writing on the policy. The building was burned May 13, 1882; and was not then completed. The ninety days' permission expired September 25, 1881. On the trial Anthony testified that he put in some drawers when he finished the kitchen some time in the winter; that he worked in the building some six weeks before the fire; made the thresholds and put them in; that a few days before the fire he put in three crocks for the stove pipe to go through; that the lathing was finished about two months before the fire. Anthony was a carpenter and builder, and did most of the work on the building himself.

It seems to us that the fair construction of the whole policy, especially of the parts above cited, is that the insured was to have the right to go on and complete the building; and that the insurer knew that the building was not then complete. But further, that the parties fixed a time for the work of completion, viz.: ninety days from the date of the policy. The insured paid an extra premium for the permission to have mechanics working in and about the building during that length of time. Evidently, then, he did not agree for any longer time. Perhaps if this express limitation were

not in the policy, the plaintiff might urge that there was an inplied right to complete the building, and to take for that purpose whatever time the insured desired. But, as if to prevent such a construction, the parties contracted for a definite time within which mechanics might work on the building. This express agreement shows that no longer time was permitted.

It is evident that the time was largely exceeded. And the work which was done after the limited time had elapsed was not the ordinary little repairs done in an occupied building. It was work done in the construction of the building, and though done by the insured, to a large extent, it was none the less done by a mechanic. It came directly and clearly within the prohibition of the policy.

The insured paid and the company accepted a certain sum in consideration of the privilege to employ mechanics on the building for ninety days. This sum certainly would not have been paid or accepted if the clause above mentioned, which indicated that the building was unfinished, was to give the insured all the time he might choose, or even all that he might need to complete it. The plaintiff urges that one may work upon his own building. But the risk which insurance companies fear from the working on buildings does not come from the person who does it, but from the thing done. It is known, or thought, that extra hazard is caused by the work of mechanics, and therefore the work is prohibited. And, as we have seen, the work done by plaintiff was construction, not incidental repairs, such as are permitted for the length of five days.

We think, therefore, that the condition of the policy was violated.

The judgment and order are reversed, and new trial granted, costs to abide event.

FISH and PUTNAM, JJ., concur.